UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA COLEMAN, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>BOSTON SCIENTIFIC CORPORATION, a Massachusetts corporation, and DOE MANUFACTURERS one through one hundred.<br><br>　　　　　Defendants. | Case No. 1:10-CV-01968-OWW-SKO<br><br>Judge: Oliver W. Wanger<br>Ctrm.: 3<br><br>**ORDER GRANTING DEFENDANT BOSTON SCIENTIFIC CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Complaint filed: 10/20/2010 |

On August 22, 2011, Defendant Boston Scientific Corporation's ("BSC") Motion to Dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, came on regularly for hearing by the Court. After considering the motion, the arguments of counsel, and all papers presented to the Court, the Court orders as follows:

### A. Statute of Limitations

Based on the factual allegations on the face of the first amended complaint, Plaintiffs claims are barred by the applicable statute of limitations. California imposes a two-year statute of limitations for personal injury actions. Cal. Code Civ. Proc. § 335.1. As a general rule, a cause of action accrues "when, under the substantive law, the wrongful act is done, or the wrongful result occurs." *See, e.g., Unruh-Haxton v. Regents of University of California*, 162 Cal. App. 4th 343, 359, 76 Cal. Rptr. 3d 146 (2008). An exception to this general rule is the " 'discovery rule,' which postpones the accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807, 27 Cal. Rptr. 3d 661 (2005) (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397, 87 Cal. Rptr. 2d 453 (1999)).

A plaintiff has reason to discover a cause of action when she "has reason at least to suspect a factual basis for its elements." *Id.* at 808. A plaintiff is charged with presumption knowledge of an injury if she has "information of circumstances to put [her] on inquiry," or if she has "the opportunity to obtain knowledge from sources open to their investigation." *Id.* (citations and quotations omitted). "[T]he plaintiff must be aware of her injury, its factual cause, and sufficient facts to put her on inquiry notice of a [wrongful] cause [of injury]" to commence the limitations period. *Clark v. Baxter Healthcare Corp.*, 83 Cal. App. 4th 1048, 1056, 100 Cal. Rptr. 2d 223 (2000) (citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109-1114, 245 Cal. Rptr. 658 (1988)).

Plaintiff alleges she underwent surgery in July 2007 to "correct injuries caused by the mesh." (FAC ¶ 32.) The plain meaning of Plaintiff's allegation that she "was forced to undergo revisionary surgery, vaginal reconstruction, and mesh removal to correct the injuries caused by the mesh" suggests that Plaintiff was aware of sufficient facts to put her on inquiry notice in July 2007 that revisionary surgery was necessary

because the device did not perform.  *See Henderson v. Pfizer, Inc.,* 285 Fed. Appx. 370, 372 (9th Cir. 2008) (unpublished) (holding a reasonable person who is implanted with a medical device, which requires a second corrective surgery to remove the device and correct injuries resulting there from within a year of implantation should suspect the defectiveness of the device and conduct a reasonable inquiry and examination into the suitability of the device).  To the extent Plaintiff understood the reason for her July 2007 surgery, she was on inquiry notice at that time.

Plaintiff's reliance on the October 20, 2008 Food and Drug Administration ("FDA") Public Health Notification is unavailing because the FDA Notification did not put Plaintiff on notice of any new facts relevant to her claims.  At the time of the publication of the FDA Notification, at least one of the types of risks discussed in the FDA Notification had already materialized for Plaintiff and necessitated her surgery in July 2007.  Moreover, Plaintiff's conclusory averments of fraud and concealment on the part of BSC are unconvincing.  The first amended complaint does not allege sufficient facts to suggest BSC engaged in any conduct that prevented Plaintiff from investigating the circumstances that required her to undergo surgery in July 2007.  Plaintiff's first amended complaint suggests on its face that her claims are time-barred because it was not filed within two years of July 2007.

Plaintiff will be given one last opportunity to amend her complaint to allege facts sufficient to suggest that here claims are not time-barred, subject to the requirements of rule 11 of the Federal Rules of Civil Procedure.  Because the first amended complaint suggests on its face that Plaintiffs claims are time-barred, any amended complaint must plead facts sufficient to suggest application of the discovery rule.  *See, e.g., McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151, 160, 86 Cal. Rptr. 2d 645 (1999) *partially superseded on other grounds as stated in Grisham v. Philip Morris U.S.A., Inc.,* 40 Cal. 4th 623, 637 n.8, 54 Cal. Rptr. 3d 735 (2007).

### B. Learned Intermediary Doctrine

Under California's learned intermediary doctrine, the duty to warn of dangers associated with a medical product runs to the physician and not the patient. *See, e.g., Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 98 n.5, 85 Cal. Rptr. 3d 299 (2008). Here, the first amended complaint sufficiently alleges BSC failed to disclose material information concerning use of the mesh device to Plaintiff and/or her healthcare providers. The first amended complaint also alleges the literature for the mesh device assured Plaintiff and/or her healthcare providers and physicians that the mesh device was safe for treating Plaintiff's condition. (*See* FAC ¶¶ 24, 26.) The motion to dismiss Plaintiff's first amended complaint on the ground of the learned intermediary doctrine is denied.

### C. Breach of Express Warranty Claims

Plaintiff's cause of action for breach of express warranty fails because the first amended complaint does not allege privity or reliance as the basis for Plaintiff's breach of express warranty claim. "As a general rule, privity of contract is a required element of an express breach of warranty cause of action." *See, e.g., Fieldstone Co. v. Briggs Plumbing Products, Inc.*, 54 Cal. App. 4th 357, 369 n.10, 62 Cal. Rptr. 2d 701 (1997). However, reliance on a seller's representations may provide the basis for an express warranty claim, absent privity. *Id.* The first amended complaint does not allege sufficient facts to give rise to a plausible basis to believe that Plaintiff relied on any representation by BSC in her decision to use the mesh device. *See Id.*

There is longstanding California authority that, reliance, or some other substitute for privity, is a required element for a breach of express warranty claim against a non-selling manufacturer of a product. *See, e.g., Wiley v. Yihua Int'l Group*, Case No. D053053, 2009 Cal. App. Unpub. LEXIS 8880 *18-21 (2009) (unpublished) (explaining the California Supreme Court's analysis in *Burr v. Sherwin Williams Co.*,

4

42 Cal. 2d 682 (1954) and the general rule that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is not a party to the original sale.)  An exception to the general rule requiring privity is found in cases where the purchaser of a product relied on representations made by the manufacturer in labeling or advertising materials.  *See Wiley*, 2009 Cal. App. Unpub. LEXIS, at *19.

The first amended complaint fails to allege reliance or privity in support of Plaintiff's claim of breach of express warranty.  California Commercial Code section 2313 does not alter the requirement that reliance is required for an express warranty claim against a non-selling manufacturer of a product.  *Id.* at * 20-21.  Thus, Plaintiff's invocation of California Commercial Code section 2313 is unavailing and does not support her claim for breach of express warranty.

Plaintiff's attempt to rely on California Civil Code section 1791.2 also fails.  Section 1791.2 governs express warranties arising out of the sale of consumer goods.  Pursuant to section 1791(a),consumer goods include new and used "assistive devices" sold at retail.  Though a mesh device may fall within the scope of the term "assistive device" for purposes of section 1791.2, the first amended complaint does not allege the sale at retail of any mesh device.  Thus, section 1791.2 does not apply and does not support Plaintiff's claim of breach of express warranty.

In light of Plaintiff's inability to amend her complaint to allege reliance or privity in support of her claim of breach of express warranty, Plaintiff's cause of action for breach of express warranty is dismissed, with prejudice.

Based on the foregoing, **IT IS ORDERED** that Plaintiff's fourth cause of action for breach of express warranty is dismissed, with prejudice.  Plaintiff's first, second, and third causes of action are dismissed, without prejudice.

95672 V1

**FURTHER ORDERED** that Plaintiff file an amended complaint within thirty (30) days of electronic service of the Court's Memorandum Decision Regarding Motion to Dismiss First Amended Complaint.  (Doc. No. 48)  BSC shall respond to the amended complaint within thirty (30) days of the service of the amended complaint.

IT IS SO ORDERED.

Dated:   **September 9, 2011**          **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE